UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 18-20834
　　　　　　　　　　　　　　　　　　　　　　　Honorable Victoria A. Roberts
JUAN GADSON,

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S</u>**
**<u>MOTION FOR RECONSIDERATION [ECF No. 50]</u>**

On June 5, 2019, the Court entered an order denying Defendant Juan Gadson's motion to suppress evidence based on an invalid search warrant and his motion to suppress evidence based on illegal arrest, search, and seizure.

Gadson moves for reconsideration of the Court's order with respect to the denial of his motion to suppress evidence based on illegal arrest, search, and seizure.

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." In pertinent part, Local Rule 7.1(h)(3) provides that:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.

Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010).

In denying the motion to suppress, the Court held that Gadson did not meet his burden to show that an evidentiary hearing was necessary. Specifically, the Court found that Gadson failed to make a sufficient initial showing of contested facts which, if proven, would warrant relief. The Court also found that Gadson failed to counter the officers' recitation of facts or describe his own account of what occurred.

Gadson does not say this constitutes a palpable defect, and he does not claim that any other part of the order contains a palpable defect. In fact, Gadson fails to claim that any palpable defect exists that warrants reconsideration under the applicable standard. Further, he does not provide authority that supports his request for relief.

Rather, Gadson attempts to set forth new facts and introduce new evidence – including two new exhibits – which he could have presented in prior briefing. He also raises new arguments which could have been made initially. This is inappropriate for a motion for reconsideration.

"[A] motion for reconsideration is not an appropriate vehicle for raising new facts or arguments." *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001). Indeed, motions for reconsideration do not permit "the losing party to attempt to supplement the record with previously available evidence" or "raise new legal theories that should have been raised earlier." *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010). *See also Bank of Ann Arbor v.*

*Everest Nat. Ins. Co.*, 563 Fed. Appx. 473, 476 (6th Cir. 2014) ("It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.' Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." (citation omitted)); *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) (motions for reconsideration "are aimed at *re* consideration, not initial consideration" (citation omitted)).

Gadson's motion for reconsideration is **DENIED**.

**IT IS ORDERED**.

                                                                              s/ Victoria A. Roberts
                                                                              Victoria A. Roberts
                                                                              United States District Judge

Dated: July 11, 2019